## Case No. 8,374.

### LINKMAN v. WILCOX.

[1 Dill. 161.] [1]

Circuit Court, E. D. Missouri. 1871.

BANKRUPTCY—ILLEGAL PREFERENCE—INTENT.

A judgment creditor who levies upon the entire stock in trade of his debtor, with knowl-

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

edge, or reasonable cause to believe, that he is insolvent. is not entitled to the proceeds of the sale in the hands of the sheriff, as against the assignee in bankruptcy; the requisite intent, on the part of such a creditor, to defeat the bankrupt act [of 1867 (14 Stat. 517)] will, under such circumstances, be inferred.

[Cited in Giddings v. Dodd, Case No. 5,405.]

Error to the district court for the Eastern district of Missouri.

Winter owed Linkman $2,300. and interest, to recover which the latter commenced suit in July, 1870, and obtained judgment November 22, on which execution issued November 29, 1870. and was levied by the sheriff on Winter's stock of goods. On the next day after the levy, Winter filed his petition in bankruptcy to be adjudicated a bankrupt, and was on the 3d day of December, 1870, adjudged a bankrupt. On the 15th day of December, the sheriff sold the stock of goods levied on, and there arose from the sale the sum of $1,583.05. Linkman filed a petition in the district court of the United States for the Eastern district of Missouri, asking for an order upon the sheriff that the proceeds of the sale be paid to him. The assignee in bankruptcy answers, and insists that the money be paid to him for the benefit of the estate of the bankrupt. The evidence shows that as the time judgment was obtained by Linkman against Winter, the latter was insolvent. It also shows that Linkman knew, or had reasonable cause to believe, that Winter was insolvent, and that Winter was aware of his own insolvency. Winter did not procure suit to be brought, and although he had no real defense to Linkman's action, he employed an attorney who filed an answer and defended the action as best he could, to gain time; but the only defence made related to the interest claimed, which being waived by the plaintiff, the court gave him judgment. There was no contrivance or collusion between Linkman and Winter, to give the former a preference; on the contrary, the debtor's desire seemed to be to prevent the judgment and execution. And the question is, whether, under the circumstances, the judgment creditor, or the assignee in bankruptcy, is entitled to the proceeds of the sale under the execution. The district court decided in favor of the assignee. A bill of exceptions was taken, and the cause is here on a writ of error prosecuted by the judgment creditor. No question is made as to the mode of reviewing the decision below.

Finkelnburg & Rossieur, for Linkman.
Fisher & Rowell, for the assignee.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. Before the bankrupt act was passed, the law allowed a debtor to prefer a creditor, and it permitted the latter to secure a preference by contract or by suit. To prevent this is one of the main purposes of the bankrupt act. Hence the many provisions in the enactment leveled against preferences, and intended to place all creditors, with few exceptions (section 27). upon a plane of perfect equality, "without any priority or preference whatever." This cardinal purpose of the legislation in question must never be overlooked in construing the special provisions of the act.

Assuming the facts of the case to be as above stated, it is the opinion of the court that to hold the judgment creditor to be entitled to the money in the hands of the sheriff, would be to give him a preference over other creditors under circumstances which contravene the purpose of the bankrupt law.

It is provided (section 39) that any person. who, being insolvent, shall procure or suffer his property to be taken on legal process, with intent to give a preference to one or more of his creditors, or with intent to defeat or delay the operation of the bankrupt act, shall be deemed to have committed an act of bankruptcy, and the assignee may recover back the money, &c., paid, &c., contrary to the act.

In this case Winter did suffer his property to be taken on legal process, and if it is not an act of bankruptcy for a merchant to have his stock of goods levied on and sold under judgments against him, the bankrupt law is much less extended in its operation than is generally supposed, and so defective in preventing preferences as to be almost ineffectual to secure the equality among creditors which is its chief purpose.

The main argument in favor of the judgment creditor is, that the law requires an actual intent on the part of the debtor to give a preference, or to defeat or delay the operation of the law; and that here there is no such intent, since the debtor did not collude with the creditor, but did what he could to prevent the latter from obtaining judgment.

In our opinion the requisite intent is to be inferred from the circumstances in which the debtor was placed, and the knowledge of the parties as to the debtor's insolvency. The debtor was insolvent, and knew it. The creditor knew it, or had reasonable cause to believe it, and because of this he made a sacrifice of more than a year's interest on his debt to procure judgment at the first term after suit was brought. If the 14th, 23d, 29th, 35th, 39th, and 44th sections of the bankrupt act are studied. it will appear plain that to allow the creditor to get a priority by reason of a judgment thus obtained, would subvert the law and continue the system of preferences which it was designed to abolish. By the 14th section, all attachments made within four months are dissolved by the assignment, and the effect of allowing the judgment creditor to receive the money under a levy made with knowledge or belief of the debtor's insolvency, is the same as if the money had been voluntarily paid to him by a known insolvent, or the debtor had desired

and intended to give a preference to the creditor who recovered judgment. Affirmed.

See, also, Giddings v. Dodd [Case No. 5,405]; Vanderhoof v. City Bank [Id. 16,842]; Rison v. Knapp [Id. 11,861]. And compare Wright v. Filley [Id. 18,077].